And we'll turn to Billy Barnes against the New York State Division of Human Rights and Beth Israel Medical Center. Mr. Bernardin? Yes. Good afternoon, Your Honors. My name is Franz Jermaine Bernardin, and I'm representing the plaintiff appellant, Billy Barnes. This is an appeal from a Southern District Court dismissal of Mr. Barnes' complaint in which he alleged that appellees rather, Beth Israel Medical Center and New York State Division of Human Rights of unlawful discrimination. And retaliation under Title VII of the Civil Rights Act and under New York State Human Rights Law. It's our position that the dismissal as it pertains to Beth Israel Medical Center should be reversed. The Southern District Court dismissed the complaint as to Beth Israel Medical Center on the grounds of collateral estoppel. And that decision by the court was prefaced off of looking at the New York State Division of Human Rights complaint. The Article 78 petition and a pre-argument statement to the appellate division. It's our position that newly discovered facts vitiates the application of collateral estoppel. Those facts being that a key eyewitness in the subject incident that happened at Beth Israel Medical Center was coerced and intimidated by a hospital administrator. In essence, if he provided any corroborative statements. Is there any reason why you could not have found out all of that at the time of the original trial? And made part of the original claim. At the time, the plaintiff appellant was representing himself in a pro se capacity. And he was instructed by Beth Israel, in particular the security department, not to contact any of the eyewitnesses in the matter. It's not until approximately a year and a half ago when fate has it, he ran into the eyewitness Dr. Yili Yuan, who provided more substance and more information as to why he didn't provide the corroborative statements. And he's the one that specifically told Mr. Barnes that Lisa Allen, the hospital administrator, pulled him aside on more than one occasion. And reminded him that if he were to ever provide corroborative statements, he would lose his fellowship program and any employment rights that followed at the hospital. Wasn't your suit brought more than 90 days after the right to sue letter? Yes, it was. It was brought more than 90 days. Why isn't that the end of the inquiry? This was brought up in a southern district court. And the judges there never ruled on it. Yeah, but it was more than 90 days after. Why do we need to talk about anything else? Because at this point, the court has expressed, and whenever there's a pro se litigant, we're supposed to view the pleadings liberally. Also, in this matter . . . Viewing them liberally is not going to change that it's out of time. You're right, Your Honor. But when we look at the context and how we came to be at the southern district court, there were a lot of complexities in this case that I don't think that we can impute to someone in pro se matter. It doesn't necessarily have the legal sophistication. Mr. Barnes initially filed an internal grievance. Is there any authority for the proposition that because it's a pro se litigant who is not familiar with the law and not sophisticated, that he can file his claim out of time? Yes. The Second Circuit case, Tragouth v. Zuck. Which one? Tragouth v. Zuck. The court holds that to make reasonable allowance to protect pro se litigants from inadvertent forfeitures of their rights because of lack of legal training. I believe that case is instructive in this context. I mean, does it deal with an out of time complaint? Yes, it does. It deals with an out of time complaint. Also, I'd like to- Is that in your brief? It's not, is it? No, it's not in the brief. What's the citation? The citation is 710, Federal 2nd 90, page 95. Thank you. Okay, go ahead. Not only is the discovery of new facts vitiate the collateral estoppel application in this matter. When we look at the issues that were raised in the Article 78 petition, and the subsequent appeal of the findings in that Article 78 proceeding. Retaliation was never, that issue of retaliation was never brought up in those cases. But you could have brought it up. And if you can bring it up, res judicata applies. But I also- Res judicata doesn't apply only to what is before, but what all is involved in the thing that you could make part of a case. And the district court decided this on preclusion, which includes both collateral estoppel and res judicata. Both the newly discovered facts and the fact that retaliation was not brought up in the prior forum go hand in hand. If my client was armed with the information that, rather than speculation, that indeed a hospital administrator, someone in management, coerced and witnesses employment with the hospital. What has that got to do with whether an action was taken against your client in a retaliatory way? Because those will provide grounds for retaliation. And the fact that will show the level and the systematic approach that was taken to Mr. Barnes' unlawful termination. The fact that a hospital administrator, not just someone that was in his department, reached out to this witness, Dr. Yuli Yang. And coerced him and intimidated him to such a matter where his fellowship was at stake. And all employments and benefits were threatened. So with that being said, it's our position that if Mr. Barnes was armed with that information during, at the time of these proceedings, yes, retaliation would have been a cause of action. Anything else, Mr. Bernadine? Based on the foregoing and on the record, I think it's clear that one, as the judge referenced in her order, there are not substantially identical facts that were raised in the New York State Department. New York State, rather, the U.S. State Division of Human Rights complaint, or the Article 78 petition, or the pre-argument statement to the Appellate Division. I would like to actually address that, if time permits. In a New York State Division of Human Rights complaint, my client doesn't even mention Dr. Yuli Yang as a witness in that complaint. Why? It goes back to our premise before. If he was armed with the information that a hospital administrator coerced, intimidated Dr. Yuli Yang in this manner, he would have surely brought his name up as a witness in the New York State Division of Human Rights. So once again, based on the foregoing and based on the record, I think it's clear that the issues and the newly discovered facts vitiate any application of collateral establishment. We rest on that. Thank you. Thank you, Mr. Bernadette. You've not reserved time for rebuttal, but we'll hear from counsel for the Division of Human Rights in Beth Israel. Good afternoon, David Larson III, Assistant Solicitor General, appearing on behalf of Defendant Appellee, New York State Division of Human Rights. It was not evident to me upon reading the appellant's appeal brief that the appellant was in fact- Step away from the microphone a bit. Yes, Your Honor. Good. It was not plain to me upon reading the appellant's brief that the appellant was in fact challenging the dismissal of the State Division of Human Rights from this appeal. I have, in this argument that Mr. Bernadette just gave, I did not hear anything where he appeared to challenge that dismissal. So I will just be very brief here today. What is the issue that is involved when a claimant or plaintiff who has gotten an unsatisfactory, to him, unsatisfactory consideration by the Division of Human Rights brings an Article 78? What does that Article 78 seek, and on what basis? It seeks a review under the substantial evidence standard of review as to the- Isn't the issue whether the officials whose conduct is being reviewed have behaved improperly in their denial? In essence, Your Honor, there were two issues that were addressed by the appellate division here. One is whether- I'm not asking you what was addressed by the appellate division here. I'm asking you what does an Article 78, what is the basis of an Article 78? Isn't it based on improper conduct, failure to do their duty by a state official? Right, correct, Your Honor, either as to some procedural impropriety or as to reaching a determination that is arbitrary and capricious. Those are both viewed by the state court as errors of law, and that's what's reviewed in the Article 78 proceeding. Here, the district court correctly found that the claim as against the State Division of Human Rights, as to the State Human Rights Law claim, is barred by the 11th Amendment. While the 11th Amendment does not bar the Title VII claim, that is barred by the fact that the State Division of Human Rights is indisputably not the, and was not the plaintiff's employer, and that ground also bars the State Human Rights Law claim, which has the same general requirement that in order to be liable under that statute, one has to be the employer of the plaintiff. Unless the court has any further questions, I will authorize the rest of my brief. Thank you. Thanks very much, Mr. Lawrence. Mr. Marshall. Thank you, Your Honor. May it please the court, my name is David Marshall, I represent Beth Israel Medical Center. I have a problem I'd like to ask you about. I know that there is some authority, but it seems to me that there's a misunderstanding with respect to what is at issue in an Article 78 proceeding. An Article 78 proceeding concerns itself with whether there has been some sort of misconduct or into question by the Article 78 proceeding. It's not my understanding that this is a proceeding which reviews whether the claimant has a claim against, in this instance, his employer, Beth Israel. So regardless of what the judges in the Article 78 in the review proceeding may have said, what's at issue in Article 78 as I understand it, correct me if I'm wrong, is not whether the plaintiff can prove a claim against his employer. But the issue is whether the state officials at the State Department of Human Rights have done something wrong, have abused their position or failed to do their duty. And a conclusion that they have not, a conclusion that the claim against them in the Article 78 proceeding is completely without merit, doesn't say anything whatsoever to whether the plaintiff has evidence of whatever he's claiming, discrimination, retaliation. Why is that wrong? That you are correct as far as you go, but then leave off the final piece. Which is, it is a determination by reviewing court that the state agency has done the right thing by handling the claim in a proper way. And that determination is based on whether that state investigation was arbitrary or capricious in determining that there was no probable cause to believe discrimination. There was nothing arbitrary and capricious saying that there is absolutely no evidence of misconduct or failure of any kind to do their duty on the parts of state officials. Is not saying anything about the ability of the plaintiff to, to make a case of, of whatever he's claiming, discrimination. That what one can perfectly well say, these officials at the State Division of Human Rights did everything fine, they did, there was no abuse of discretion, no violation of their duty. That's not saying anything about whether the plaintiff can prove a case of discrimination. Well, I would say two things in response to that. This court regularly does the same thing when it reviews agency determinations like those of the National Labor Relations Board. So when you sit in review of a National Labor Relations Board determination, you're reviewing that determination under an arbitrary and capricious standard of review. The second thing I would, and then that means that the NLRB has had to reach a reasonable conclusion as to whether a violation of the law has taken place. That's the same that happens with the State Division of Human Rights and its relationship to the State Supreme Court and the Appellate Division. The second thing I would say, and perhaps the more important thing, is this issue has been resolved by the Supreme Court in Kremer versus Chemical Construction Company. So in that case, where it presented a case almost on all fours with this one factually, the Supreme Court instructed that principles of collateral estoppel and res judicata require federal courts to give preclusive effect to State Division of Human Rights determinations of no probable cause that have been reviewed by the State Supreme Court. And in this case, upheld by the Appellate Division First Department. Judge Swain, when she relied on that principle, that well established principle to dismiss the complaint in this case was doing exactly what Kremer required. And as a result of that alone, the dismissal should be upheld. But as your Honor correctly pointed out, there's another completely separate and independent reason for dismissal in this case. Judge Swain didn't rely on it, but you're entitled to rely on it here because it appears on the face of the pleadings and the exhibits attached to the complaint. And that is that it is well settled under Title VII of the Civil Rights Act that when a plaintiff wants to bring a federal court complaint, alleging a violation of Title VII of the Civil Rights Act, that plaintiff has to bring that complaint in this court, in federal court, within 90 days of the issuance or receipt of a notice of right to sue letter. That comes from the Equal Employment Opportunity Commission and tells the litigant, you've got 90 days to file your federal court complaint. Here, there's no dispute that that notice of right to sue- There is nothing in our cases, you say, that suggests that we do not need to follow it when it is a pro se? Well, that issue wasn't raised below, so I'm not familiar with the particular Zook case that was cited. But I'm familiar with the fact that this court has many times said that those apply to pro se plaintiffs. The issue would not have been raised below because the court below didn't go on that ground. I mean, that's something of a problem with us deciding something the district court didn't go on. Well, I raised it immediately. So the first pleading that I filed right after the federal district court complaint was filed was one that raised that as well as the race judicata and collateral estoppel issues. Do you know why the district judge didn't rule on it? Was there any discussion of it with the district judge as to why that would reveal why the district judge preferred to go a different route? There was no discussion about that. The Kremer decision is so well established, it's 35 years old, and so clear that dismissals required in circumstances like this, that I think that that was simply enough for Judge Swain. And it is enough for- Kremer was a New York division of human rights case. So it's right online. Yes, you're right, your honor. As I said, it's squarely on all fours with this case. It's not just another state agency, it's the very state agency, the New York State Division of Human Rights that made the determination of no probable cause in this case. And that no probable cause determination is there is no probable cause to believe that Beth Israel Medical Center violated the New York State Human Rights Law with respect to the decision to discharge Mr. Barnes for violating the zero tolerance workplace violence policy. Thank you, Mr. Marshall. We reserve decision. Thank you.